# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40992

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2020

Lyle W. Cayce
Clerk

SHANE JERMAINE MATTHEWS,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-286

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Shane Jermaine Matthews, Texas prisoner # 01753901, was convicted by a jury of capital murder and sentenced to life imprisonment without parole. The district court denied his 28 U.S.C. § 2254 petition on the merits. Matthews now requests a certificate of appealability (COA).

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40992

has denied claims on the merits, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Matthews has inadequately briefed and therefore waived his request for a COA with respect to his claims of ineffective assistance of counsel on direct appeal of his conviction. *See McGowen v. Thaler*, 675 F.3d 482, 497-98 (5th Cir. 2012). With respect to his claims of (1) ineffective assistance based on failure to file a motion to sever trial from all co-defendants, (2) ineffective assistance based on failure to object to Exhibit 64, (3) a speedy trial violation, (4) judicial bias, (5) improper prosecutorial comments during closing argument, (6) an erroneous accomplice-witness jury instruction, (7) insufficient evidence of a robbery, and (8) insufficient evidence he was at the crime scene, Matthews fails to make the requisite showing for issuance of a COA. *See Miller-El*, 537 U.S. at 327. His motion for a COA is therefore denied as to those claims. We construe his motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm, *see Cullen v. Pinholster*, 563 U.S. 170, 181-82, 185-86 (2011).

COA DENIED; AFFIRMED.